IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:13-cr-79(2) |
| Bernard Leondre Turner, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Bernard Leondre Turner moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States Sentencing Guidelines. Doc. 288. The United States opposes the motion. Doc. 291. For the reasons below, the motion is denied.

In 2014, Turner pleaded guilty to drug conspiracy charges. Docs. 87, 88. The presentence investigation report calculated his sentencing range as 188 to 235 months, based on a total offense level of 31 and a criminal history category VI. Doc. 137. He had 29 criminal history points for past convictions, plus an additional 2 status points under United States Sentencing Guideline § 4A1.1(d), for a total of 31 criminal history points. Id. But Turner also faced a mandatory life sentence. Id. At sentencing, the district court found a 2-level enhancement did not apply and recalculated his total offense level as a 29, making the guideline range 151 to 188 months. Turner was sentenced to 192 months in prison, below the life mandatory minimum. Doc. 144. In 2016, Turner filed a motion under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 782 to the United States Sentencing Guidelines. Doc. 260. His sentence was reduced from 192 to 265 months in prison. Docs. 264, 265.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." Dillon v. United States, 560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." Id. at 831. "It permits a sentence reduction within the narrow bounds established by the Commission." Id. In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). Dillon, 560 U.S. at 826.

Turner generally seeks a sentence reduction under Part A of Amendment 821, but he is ineligible for relief. First, the record shows that Turner's sentence was not "based on" the advisory guideline range—it was based on the applicable mandatory minimum of life and reduced from there to 194 months. The United States Supreme Court held in Koons v. United States that defendants whose sentences were "based on their mandatory minimums and on their substantial assistance to the Government" "do not qualify for sentence reductions under § 3582(c)(2) because their sentences were not 'based on' their lowered Guidelines ranges." 138 S.Ct. at 1788. Per Koons, and because Turner's sentence was not "based on" a sentence range later lowered by the Sentencing Commission, he is not eligible for a sentence reduction under § 3582(c)(2).

Second, even if Turner was eligible for a reduction, Part A of Amendment 821 provides no relief because it does not lower his sentencing range. This portion of Amendment 821 lowers the number of "status points" received under United States Sentencing Guideline § 4A1.1 for individuals who commit their offense while under a criminal justice sentence. Applying the new provision to Turner, he would receive 1 status point instead of 2, reducing his total criminal history points from 31 to 30. But even with 30 criminal history points, Turner remains squarely within criminal history category VI. So, his sentencing range is unaffected by the status point reduction. Because his sentencing range was not "subsequently . . . lowered by the Sentencing Commission," Amendment 821 does not authorize a sentence reduction.

After extensive review the entire record and the relevant legal authority, Turner's motion to reduce sentence (Doc. 288) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court